**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| HUGO HOLMES, | ) | FILED: APRIL 23, 2009 |
| | ) | 09CV2481 |
| Plaintiff, | ) | JUDGE DOW |
| v. | ) No. | MAGISTRATE JUDGE VALDEZ |
| CITY OF CHICAGO, a Municipal Corporation, | ) | CH |
| MICHELLE D. ACOSTA, E.S. HERRERA, JR., | ) | |
| J.D. MATICH, VERONICA A. COFFEE, | ) | |
| M.J. DRISCH, and P.D. FERRARO, in their | ) | |
| individual and official capacities, and other | ) | Jury Trial Demanded |
| UNKNOWN DEFENDANTS and/or | ) | |
| CO-CONSPIRATORS, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, HUGO HOLMES, JR., by and through his attorneys,

CANTWELL & CANTWELL, and for his Complaint against the Defendants, CITY OF

CHICAGO, a Municipal Corporation, MICHELLE D. ACOSTA, E.S. HERRERA, JR., J.D.

MATICH, VERONICA A. COFFEE, M.J. DRISCH, and P.D. FERRARO and other

UNKNOWN DEFENDANTS and/or CO-CONSPIRATORS, states as follows:

**PARTIES**

1.     Plaintiff, HUGO HOLMES, JR., is a resident of Chicago, Illinois.

2.     On April 25, 2008, and continuing through the present, Defendant CITY OF

CHICAGO was a municipal corporation, organized and existing under the laws of the State of

Illinois.

3.     On April 25, 2008, and, upon information and belief, continuing through the

present, Defendants MICHELLE D. ACOSTA, believed to have Badge No. 3081; E.S.

HERRERA, JR., believed to have Badge No. 10133; J.D. MATICH, believed to have Badge No.

3358; VERONICA A. COFFEE, believed to have Badge No. 17580; M.J, DRISCH, believed to have Badge No. 16368; and P.D. FERRARO, believed to have Badge No. 4525, and other UNKNOWN DEFENDANTS and/or CO-CONSPIRATORS, (the "Police Officers"), were officers, and agents and/or employees of the CITY OF CHICAGO, and were involved in the arrest and/or detention of Plaintiff.

4.      At all times relevant hereto, the Police Officers were acting while on duty and/or in the scope of their employment with the City of Chicago.

5.      At all times relevant hereto, Plaintiff was an employee of the City of Chicago with the City of Chicago Department of Transportation, assigned responsibility as a Supervisor for the Department's Central District, and on the morning of April 25, 2008, was on duty and acting within the scope of his employment with the City of Chicago.

## JURISDICTION

6.      Jurisdiction of this action is based upon 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(1), (3), and (4), and 42 U.S.C. § 1983.  Plaintiff further invokes the pendant jurisdiction of this Court to hear and adjudicate claims arising under state law.

## FACTUAL BACKGROUND

7.      On April 25, 2008, at approximately 8:30 a.m., while Plaintiff was stopped at a stop sign at the corner of Washtenaw Avenue and 47th Street, ACOSTA approached Plaintiff's vehicle and offered to engage in sexual conduct with Plaintiff in return for monetary compensation.

8.      Plaintiff refused ACOSTA's solicitation to Plaintiff to pay her to engage in sexual conduct and proceeded southbound in his vehicle on Washtenaw Avenue and across 47th Street.

9.     Moments after Plaintiff's vehicle crossed 47th Street, an unmarked police vehicle driven by one of the Police Officers swiftly accelerated out of an alley on the western side of Washtenaw Avenue and blocked the path of Plaintiff's vehicle.  At that time, one of the Police Officers forced Plaintiff out of his car, handcuffed Plaintiff, and placed Plaintiff under arrest.

10.     At or around the time of the arrest, one or more of the Police Officers searched Plaintiff's person and entered his vehicle to conduct a search of the vehicle.

11.     Plaintiff was placed in the back seat of the unmarked police vehicle and forced to remain handcuffed in the back seat while the Police Officers continued to make additional arrests at or near the same location at which Plaintiff was arrested.

12.     When Plaintiff asked the reasons why the Police Officers had arrested Plaintiff and where Plaintiff was going to be taken, one or more of the Police Officers refused to answer and one of the Police Officers stated, "You have the right to shut the f --- up."

13.     The Police Officers had no probable cause and no warrant to arrest Plaintiff, or for their search of Plaintiff's vehicle, or for their physical restraint and handling of Plaintiff, or for the arrest of Plaintiff, or for the processing, fingerprinting, photographing, detention or prosecution of Plaintiff.

14.     After the aforementioned search of Plaintiff and his vehicle, one or more of the Police Officers caused Plaintiff's vehicle and its contents to be seized, towed and impounded. Thereafter, the City of Chicago, through its agents, servants, and departments, denied Plaintiff the use of his impounded vehicle, and refused to release and/or return said vehicle until Plaintiff paid fees and expenses of not less than $1,170.00.

15.     At no time did Plaintiff commit any crime for which an arrest may lawfully have been made at the time and place aforesaid.  Plaintiff had engaged in no criminal or otherwise

suspicious acts, and the entry, restraint and search of Plaintiff and Plaintiff's vehicle was in violation of the Fourth Amendment guarantee against searches and seizures, without probable cause, and without a warrant.

16.     Subsequent to his arrest, Plaintiff was taken to the 9th District Police Station, which was owned, operated, managed, maintained and controlled by the Defendant, CITY OF CHICAGO, and was exclusively attended, controlled, staffed and supervised by various employees of the Defendant, CITY OF CHICAGO, where Plaintiff was detained for many hours.

17.     Immediately following Plaintiff's arrest, and long prior to his first court date, the City of Chicago published to the general public the circumstances of Plaintiff's arrest, his photograph, and pending charges, and accused Plaintiff of patronizing a prostitute, all of which caused Plaintiff great embarrassment, public humiliation, exposure to hate mail, and ultimately led to his suspension from employment, and further adverse employment consequences.

18.     Thereafter, Plaintiff was compelled to undergo lengthy, costly and unwarranted proceedings stemming from Defendants' misconduct as set forth herein, and which proceedings were ultimately terminated when the prosecuting authorities voluntarily dismissed the criminal charges.  Plaintiff was further required to be subject to lengthy, costly and unnecessary proceedings to regain possession of his vehicle and other property, which had been impounded after the wrongful arrest of Plaintiff.

19.     In addition, Plaintiff was required to file a timely Request for Hearing before the City of Chicago's Department of Administrative Hearings to contest the impoundment of his vehicle and to recover the fees and expenses that Plaintiff was forced to pay to obtain the return of his vehicle.  Said proceedings were long and protracted, and ultimately concluded with a

Findings, Decisions, & Order requiring the refund of all monies paid by Plaintiff to secure the return of his vehicle.

20.     At all times mentioned herein, Defendant, CITY OF CHICAGO, was responsible for the rules, policies, procedures, practices and the customs of its Police Department, as well as hiring, training, supervising, controlling and disciplining its employees, including but not limited to said Police Officers.

### COUNT I – CITY OF CHICAGO, 42 U.S.C. § 1983

21.     Plaintiff restates and realleges Paragraphs 1 through 20 as though fully set forth herein.

22.     At all times mentioned herein, the Police Officers and the CITY OF CHICAGO were acting under color of state law.

23.     Defendant CITY OF CHICAGO, at all times relevant hereto, has with deliberate indifference maintained a policy of inadequate training and safeguards for officers concerning the constitutional rights of citizens, thereby causing the Police Officers to engage in unlawful conduct.

24.     Defendant, CITY OF CHICAGO, at all times relevant hereto has with deliberate indifference failed to properly sanction or discipline police officers, including the aforementioned Police Officers, for violations of constitutional rights of citizens, thereby causing police, including the Police Officers in this case, to engage in unlawful conduct.

25.     As a direct and proximate result of Defendant's actions, Plaintiff was deprived of rights, privileges and immunities under the United States Constitution, including but limited to, the Fourth and Fourteenth Amendments thereof, and of the laws of the State of Illinois.

26.     As a further direct and proximate result of Defendant's action, Plaintiff suffered damages including pain and suffering, mental trauma, loss of liberty, loss of property, damage to reputation, legal expenses, and further and other injuries and damages.

WHEREFORE, Plaintiff HUGO HOLMES, JR. demands Judgment against Defendant CITY OF CHICAGO and in favor of HUGO HOLMES, JR., pursuant to 42 U.S.C. § 1983 in an amount to be determined at trial, punitive damages, attorneys fees, costs, and other such relief as this Court deems just and equitable.

## COUNT II – MICHELLE A. ACOSTA,  E.S. HERRERA, J.D. MATICH, VERONICA A. COFFEE,  M.J. DRISCH, and P.D. FERRARO and other UNKNOWN DEFENDANTS and/or CO-CONSPIRATORS, 42 U.S.C. § 1983

27.     Plaintiff reincorporates and realleges Paragraphs 1 through 20 as if fully set forth herein.

28.     As a result of the aforementioned acts, the Police Officers, acting both individually and as co-conspirators, did hereby deprive Plaintiff of rights, privileges and immunities under the United States Constitution, including but limited to, the Fourth and Fourteenth Amendments thereof, and of the laws of the State of Illinois.

29.     As a further direct and proximate result of the Police Officers' actions, Plaintiff suffered damages including pain and suffering, mental trauma, loss of liberty, loss of property, damage to reputation, legal expenses, and further and other injuries and damages.

WHEREFORE, Plaintiff HUGO HOLMES, JR. demands Judgment against Defendants MICHELLE D. ACOSTA, E.S. HERRERA, JR., J.D. MATICH, VERONICA A. COFFEE, M.J. DRISCH, and P.D. FERRARO and other UNKNOWN DEFENDANTS and/or CO-CONSPIRATORS pursuant to 42 U.S.C. § 1983 in an amount to be determined at trial, punitive damages, attorneys fees, costs, and other such relief as this Court deems just and equitable.

6

**COUNT II – MICHELLE D. ACOSTA, E.S. HERRERA, JR., J.D. MATICH, VERONICA A. COFFEE, M.J. DRISCH, and P.D. FERRARO and other UNKNOWN DEFENDANTS and/or CO-CONSPIRATORS, STATE LAW TORTS**

30.     Plaintiff reincorporates and realleges Paragraphs 1 through 20 as if fully set forth herein.

31.     Defendant Police Officers are liable to the Plaintiff for the state law claims of false imprisonment, malicious and/or wrongful prosecution, abuse of process, conspiracy, intentional infliction of emotional distress, assault and battery.

32.     As a direct and proximate result of foregoing willful and wanton and/or intentional acts and/or omissions of the Police Officers, Plaintiff suffered damages, including bodily injury, pain and suffering, and physical and mental trauma, loss of liberty, loss of property, damage to reputation, loss of property, legal expenses, and other injuries and damages.

WHEREFORE, Plaintiff HUGO HOLMES, JR. demands Judgment against Defendants MICHELLE D. ACOSTA, E.S. HERRERA, JR., J.D. MATICH, VERONICA A. COFFEE, M.J. DRISCH, and P.D. FERRARO and other UNKNOWN DEFENDANTS and/or CO-CONSPIRATORS in an amount to be determined at trial, punitive damages, attorneys fees, costs, and other such relief as this Court deems just and equitable.

HUGO HOLMES, JR.

By:     _____/s/ Peter A. Cantwell_____
One of His Attorneys

Peter A. Cantwell, Esq.
Michael J. Cronin, Esq.
Paul H. Hammond, Esq.
CANTWELL & CANTWELL
30 N. LaSalle St., Suite 2850
Chicago, Illinois 60602
(312) 372-3000
Attorneys for Plaintiff

7