**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HUGO HOLMES, | ) | |
| Plaintiff, | ) | No. 09-CV-02481 |
| v. | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, a Municipal Corporation, MICHELLE D. ACOSTA, *et al.* | ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

Plaintiff, Hugo Holmes, by his attorneys, Peter A. Cantwell and John W. Kalich, Cantwell & Cantwell, moves in limine for entry of an order controlling the conduct of the trial in this case, and directing the Defendant, Michelle D. Acosta, her attorneys, all witnesses called by the defense and any other persons under the influence or control of the defendant or her attorneys, or anyone acting on Defendant's behalf, to refrain from asserting any questions, testimony, argument, or other remarks whatsoever, at the trial, or before the jury, concerning any of the matters hereinafter set forth:

    1.    To bar all non-party witnesses in this case from the courtroom until after they have finished all of their testimony. *Christmas v. City of Chicago*, 691 F.Supp.2d 811, 820 (N.D. Ill. 2010).

    2.    To bar Defendant, pursuant to Federal Rule of Civil Procedure 37, from introducing at trial any documents or materials not previously produced in accordance with Plaintiffs' Notices to Produce served in accordance with Federal Rule of Civil Procedure 34, or produced with Defendant's 26(a) Disclosures. *David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003).

    3.    To bar Defendant pursuant to Federal Rule of Civil Procedure 37, from introducing at trial any evidence or testimony of any witness not heretofore disclosed or listed as a witness in Defendant's Answers to Interrogatories served upon them in accordance with Federal Rule of

Civil Procedure 33, or in Defendant's Rule 26(a) Disclosures. *David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003).

4. To bar the introduction of any evidence or testimony of any offers of compromise or settlement. It is well settled that matters concerning compromise and settlement are not admissible. Fed. R. Evid. 408; *White Pearl Inversiones SA v. Cemusa, Inc.*, 647 F. 3d 684, 689 (7th Cir. 2011).

5. To bar any comments during trial, including voir dire, regarding the Plaintiff's failure to call a witness not under the exclusive direction and control of the Plaintiff. *Littlefield v. McGuffey*, 954 F. 2d 1337, 1346-47 (7th Cir. 1992).

6. To bar any mention of the wealth of the Plaintiff or the poverty of the Defendant, or the pecuniary circumstances of any of the parties. *Gonzalez v. Volvo of America Corp.*, 752 F.2d 295, 298 (7th Cir. 1985); *Epperson v. United States*, 490 F. 2d 98, 100 (7th Cir. 1973).

7. Defendant, its attorneys and its witnesses should be barred and prevented from making any assertion that Plaintiff has asked for a greater amount of money than he actually expects to be awarded or is entitled to, that an award to the Plaintiff would amount to winning the lottery, a welfare program or a "giveaway program," or that the Plaintiff's request for damages constitutes any type of get-rich-quick scheme or the like. *Rebolledo v. Herr-Voss Corp.*, 101 F. Supp. 2d 1034, 1036 (N.D. Ill. 2000); *New York Cent. R. Co. v. Johnson*, 279 U.S. 310, 318, 49 S. Ct. 300, 303, 73 L. Ed. 706, amended sub nom. *New York Cent. R.R. Co. v. Johnson*, 49 S. Ct. 417 (1929) (statements designed to arouse the prejudice or resentment of the jury are improper).

8. Defendant should be barred and prevented from asking or making any reference to, or arguing that:

    a. The jury place itself in the Defendant's shoes. *Shroyer v. Kaufmann*, 426 F. 2d 1032, 1033 (7th Cir. 1970).

    b. Expressing any personal belief about the merits of the issues of fact or vouching for the credibility of any witness. *US v. Anderson*, 303 F. 3d 847 (7th Cir. 2002); Judge

    Dow's *Standing Order On Trial Conduct and Procedures for All Trials Before Judge Dow* ¶ 5.

 c. Commenting on the ease with which lawsuits can be filed. *See Nelson v. City of Chicago*, 810 F.3d 1061, 1072 (7th Cir. 2016) (attempting in closing to paint Plaintiff as a chronic litigant was improper and engendered juror bias).

 d. Commenting that judgment against Defendant would cause financial harm or burden, or would burden the public as a whole, increase taxes, or increase the City of Chicago budget problems and the Police Department financial difficulties, as this argument is an improper appeal to the sympathy of the jury. Fed. R. Evid. 403; *Rebolledo v. Herr-Voss Corp.*, 101 F.Supp.2d 1034, 1036 (N.D.Ill. 2000).

9. Defendant, its attorneys and its witnesses should be prevented and barred from implying that they have personal knowledge of facts not before the jury, and barred from offering counsel's own testimony or supplying facts not based on evidence properly in the record. *United States v. Henry*, 2 F.3d 792, 795 (7th Cir. 1993); *US v. Anderson*, 303 F. 3d 847 (7th Circuit 2002); Judge Dow's *Standing Order On Trial Conduct and Procedures for All Trials Before Judge Dow* ¶ 5.

10. Defendant, its attorneys and its witnesses should be barred from arguing the Plaintiff is required to prove a certain specific dollar amount to be compensated for non-economic damages. *Caletz ex rel. Estate of Colon v. Blackmon*, 476 F. Supp. 2d 946, 964 (N.D. Ill. 2007) (absolute certainty concerning the amount of damage is not necessary to justify a recovery where the existence of damage is established.); *Northern Trust Company v. County of Cook*, 135 Ill. App. 3d 329, 334-35 (1st Dist. 1985). The propriety of an award of damages for personal injury is not subject to mathematical computation. *Northern Trust*, 135 Ill. App. 3d at 335; s*ee DeSantis v. Parker Feeders, Inc.*, 547 F.2d 357, 366 (7th Cir. 1976). Each verdict for a personal injury must be examined in the light of the particular injury involved. *Northern Trust*, 135 Ill. App. 3d at 335; s*ee Turner v. Pfluger*, 407 F.2d 648, 650 (7th Cir. 1969). Accordingly, Defendant should

be barred from arguing that Plaintiff did not prove the specific amount requested for non-economic damages.

11. To bar the introduction of any evidence as to the circumstances under which the attorney for the Plaintiff was employed, or retained, or the fees or the contract under which the attorney has been retained. *See* Fed. R. Evid. 501; *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983) (holding that **district courts**, rather than juries, determine attorney's fees); *Huff v. Dobins, Fraker, Tennant, Joy & Perlstein*, 243 F.3d 1086, 1090 (7th Cir. 2001) (holding "attorney's fees are a matter for the court, not the jury."); *Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir. 2000) ("[I]t is clear error to instruct a jury as to the potential for attorneys' fees."); *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991) ("Furthermore, we believe that informing the jury of the possibility of fees could result in prejudice to the plaintiff and undermine the public policies behind § 1988."); *Tallman v. Freedman Anselmo Lundberg, LLC*, 2013 WL 2631754, at *2 (C.D. Ill. 2013), *unreported*, finding that "whether Plaintiff may recover attorney fees if he is successful on his claim does not have any tendency to make it more or less probable that Defendant violated the Act," and granting plaintiff's motion *in limine* barring any mention of attorney's fees).

12. To bar the introduction of any evidence or testimony by the Defendant on subjects, topics, or other matters for which discovery was denied to Plaintiff based on the bifurcation of claims against the City of Chicago from the claims against Officer Acosta, individually. The Plaintiff anticipates that during the course of trial testimony or evidence relating to *Monell* claims may be introduced by the Defendant, Officer Acosta. It would be manifestly unjust to permit Officer Acosta to exploit the Plaintiff's ignorance by introducing *Monell*-related evidence in her individual defense that the Plaintiff was denied the opportunity to investigate during discovery as a result of the bifurcation.

13. Plaintiff further states that the foregoing facts or purported facts are either irrelevant and immaterial or are not based upon any competent evidence and therefore would be introduced

5

only to invite the speculation and conjecture of the jury, and that any such facts or purported facts would only serve to confuse and prejudice the jury against the Plaintiff and thereby deprive the Plaintiff of his right to a fair trial. Furthermore, it would be inappropriate to address these issues during the trial because of the probability that an attempt to introduce irrelevant and prejudicial information before the jury would result in a mistrial.

                Respectfully Submitted,
                HUGO HOLMES

By:   /s/Peter A. Cantwell
       One of His Attorneys

Peter A. Cantwell, Esq.
John W. Kalich, Esq.
Eliot D. Hellman, Esq.
CANTWELL & CANTWELL
30 North LaSalle, Suite 2850
Chicago, Illinois 60602
(312) 372-3000